IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Nos. CIV 16-0196 JB/WPL
                                                             CR 15-2485 JB

KEVIN FOLSE,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on: (i) Defendant Kevin Folse's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 16, 2016 (CIV Doc. 1; CR Doc. 148)("§ 2255 Motion"); and (ii) Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 16, 2016 (CIV Doc. 2). For the reasons explained below, the Court will dismiss Defendant Kevin Folse's motion under 28 U.S.C. § 2255 without prejudice as premature, deny Folse's motion to proceed in forma pauperis as moot,[1] and deny a certificate of appealability.

Following a jury trial, Folse was convicted of one count of being a felon in possession of a firearm in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2); two counts of carjacking, and aiding and abetting carjacking, in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2; and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence, and possessing and brandishing a firearm in furtherance of such a crime in violation of 18 U.S.C. §

---

[1] There is no filing fee for a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

924(c). See Superseding Indictment, filed September 10, 2015 (CR Doc. 31); Verdict, filed October 8, 2015 (CR Doc. 105). Folse has not yet been sentenced; his sentencing hearing has been scheduled to occur on May 17, 2016. See Order to Continue Sentencing Hearing, filed March 11, 2016 (CR Doc. 144).

On March 16, 2016, Folse filed the present § 2255 motion, which raises the following claims: (i) ineffective assistance of counsel; (ii) conflict of interest of the prosecutor; (iii) flaws in the jury instructions and jury selection; (iv) violation of the Fourth Amendment of the Constitution of the United States of America; and (5) retaliatory harassment. See § 2255 Motion at 12. Folse seeks a new trial with new counsel. See § 2255 Motion at 12.

Title 28, section 2255 provides, in relevant part, as follows:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).

Although Folse has been convicted, he is not currently "in custody under a sentence of a court established by Act of Congress" as § 2255(a) requires. Indeed, the one-year time period for filing a § 2255 motion does not begin to run, in relevant part, until "[t]he date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Supreme Court of the United States has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). If an appeal is filed, the

district court is precluded "from considering a § 2255 motion while review of the direct appeal is still pending," absent the existence of extraordinary circumstances. United States. v Cook, 997 F.2d 1312, 1319 (10th Cir. 1993). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct appeal." United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Folse's conviction is not final, because he has not been sentenced, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal. The Court will therefore dismiss Folse's § 2255 motion without prejudice as premature. See United States v. Bailey, No. 96-40063-01-SAC, 1998 WL 214888, at *2 (D. Kan. March 20, 1998)(Crow, J.)(noting that "courts have apparently agreed that § 2255 motion filed before sentence is actually imposed should be dismissed as premature").

Because Folse's § 2255 motion is premature, he has not made a substantial showing of the denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the Court will deny a certificate of appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS ORDERED** that: (i) Defendant Kevin Folse's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 16, 2016 (CIV Doc. 1; CR Doc. 148), is dismissed without prejudice; (ii) Folse's Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 16, 2016 (CIV Doc. 2), is denied as moot; (iii) a certificate of appealability is denied; and (iv) final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Kevin Folse
Santa Fe, New Mexico

    *Plaintiff pro se*