# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

     Plaintiff,

vs.                                        No. CR 15-2485 JB

KEVIN FOLSE

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Brief in Support of Motion for Judgment of Acquittal, filed November 23, 2015 (Doc. 117)("Motion"). The Court held a hearing on the Motion on December 16, 2015. The primary issues are: (i) whether 18 U.S.C. § 924(c)(3)(B), the residual clause in 18 U.S.C. § 924(c)(3)'s definition of a crime of violence, is unconstitutionally vague; (ii) if § 924(c)(3)(B) is unconstitutionally vague, whether carjacking, as defined in 18 U.S.C. § 2119, is not a crime of violence, because § 2119 is indivisible and carjacking is not a categorical crime of violence; and (iii) whether the Jury should have determined whether carjacking is a crime of violence, because whether carjacking is a crime of violence is an element of 18 U.S.C. § 924(c)(1), under which the Jury convicted Defendant Kevin Folse and which criminalizes using or carrying a firearm during or in relation to a crime of violence. The Court concludes that: (i) pursuant to United States v. Salas, 889 F.3d 681, 685-86 (10th Cir. 2018), § 924(c)(3)(B) is unconstitutionally vague; (ii) pursuant to United States v. Kundo, 743 F. App'x

201, 203 (10th Cir. 2018)(unpublished),[1] carjacking, as defined in § 2119 is a crime of violence; and (iii) pursuant to United States v. Morgan, 748 F.3d 1024, 1034-35 (10th Cir. 2014), the Court should not have submitted whether carjacking is a crime of violence to the Jury, because whether a crime is a crime of violence is a legal question for the court. Accordingly, the Court denies the Motion.

## FACTUAL BACKGROUND

The Court recited this case's facts and early procedural history in its Memorandum Opinion and Order at 2-7, 301 F. Supp. 3d 1037, 1041-46, filed October 5, 2017 (Doc. 247)("MOO"). The Court incorporates that recitation here. The Court includes the footnotes from the MOO.

> The Court takes its factual account from the Presentence Investigation Report, filed May 10, 2017 (Doc. 220)("PSR"). . . .
>
> Between June 30 and July 2, 2015, [APD] detectives searched for Folse, a.k.a. "Criminal," who was fleeing from law enforcement and had "committed various violent crimes" during flight. PSR ¶ 5, at 4. On July 2, 2015, APD officers stopped a stolen black Cadillac . . . . PSR ¶ 6, at 4. Although the officers determined that Folse was not the driver, the driver stated that he had just purchased the vehicle from Folse and that Folse was located at 1825 Pitt Street NE in Albuquerque, New Mexico. See PSR ¶ 6, at 4. APD dispatched officers to the

---

[1]United States v. Kundo is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Kundo and United States v. Mitchell, 653 F. App'x 639 (10th Cir. 2016), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

residence, . . . . See PSR ¶ 7, at 4. The officers failed, however, to positively identify the man. See PSR ¶ 7, at 4. An APD detective then proceeded to the back of the residence and observed an individual -- later identified as Valente Estrada -- looking out the back window. See PSR ¶ 7, at 4. Estrada said the front door was "barricaded" and that he was alone in the residence. PSR ¶ 8, at 5.

Shortly thereafter, the man first observed at the front door -- later identified as Folse -- "had [Estrada] join four other individuals in the bedroom with Angela Murray," Folse's girlfriend,[2] where Folse "proceeded to take all of their cellular telephones and remove[] their batteries . . . ." PSR ¶ 8, at 5. Estrada "observed that Folse had both a knife and a handgun in his possession." PSR ¶ 8, at 5. To help "ease the tension," Estrada offered Folse and the others marijuana and methamphetamine. PSR ¶ 9, at 5. After consuming the methamphetamine, Folse threatened to stab one of the individuals and to hold "everyone in the room at gunpoint for seven hours."[3] PSR ¶ 9, at 5. Tensions were high, because Murray had challenged Folse to prove that he had not "been with any of the women in the house[.]" PSR ¶ 10, at 5. In response to this challenge, Folse "pulled out his gun and started pistol-whipping one of the females in the home." PSR ¶ 10, at 5.

Folse eventually decided to leave the residence, but, before leaving, Folse ordered Estrada to hand over the keys to his 2002 silver Saturn passenger vehicle. See PSR ¶ 11, at 5. Estrada complied with Folse's order, fearing that he "had no choice . . . based on the continuous threats and acts of violence against him." PSR ¶ 11, at 5. Folse and Murray then exited the house, and ordered Estrada and one of Murray's female friends into the Saturn. See PSR ¶ 11, at 5. Estrada and the friend "did not feel they had a choice but to go with Folse . . . ." PSR ¶ 11, at 5.

APD received information that Folse had departed the house in a silver Saturn. See PSR ¶ 12, at 5. Officers soon caught up to the Saturn and attempted to conduct a traffic stop . . . . See PSR ¶ 12, at 5. . . . [T]he vehicle . . . "crashed violently, rolling the car onto its roof." PSR ¶ 13, at 6. As APD arrived on the scene, "the vehicle was still spinning and four individuals emerged from the broken windows." PSR ¶ 13, at 6.

---

[2]Murray was initially a co-Defendant in this matter. See Superseding Indictment ¶ 2, at 2, filed September 10, 2015 (Doc. 31)("Superseding Indictment"). The Court severed the two matters on September 29, 2015. See Order Granting Defendant Kevin Folse's Motion to Sever Defendants, filed September 29, 2015 (Doc. 72).

[3]The PSR acknowledges that "[t]estimony at trial did not explain what happened inside the residence at Pitt prior to [Estrada] coming home[,] or why Folse was holding three persons at gunpoint inside the home." PSR ¶ 9, at 6.

Folse and Murray fled on foot. See PSR ¶ 13, at 6. As they entered a residential street, they came upon a 2008 Kia Sorrento sitting in a driveway with the engine running. See PSR ¶ 14, at 6. Folse opened the driver-side door and told Michael B., a juvenile sitting in the passenger seat, that he had "three seconds to get out." PSR ¶ 14, at 6. Michael B. complied with Folse's order, but as Michael B. was exiting the car, Folse backed the car out of the driveway and clipped Michael B.'s left shoulder with the open car door. See PSR ¶ 14, at 6; id. ¶ 16, at 6. In an interview and later at trial, Michael B. testified that Folse had a firearm; immediately after the incident, however, he told a 911 operator that Folse did not have a firearm. See PSR ¶ 14, at 6; id. ¶ 16, at 6.

APD officers later located the Kia Sorrento and recognized Folse as the driver. See PSR ¶ 15, at 6. When the officers attempted another vehicle stop, Folse again failed to yield. See PSR ¶ 15, at 6. "A vehicle pursuit ensued, but was discontinued due to the reckless driving by Folse." PSR ¶ 15, at 6. Folse eventually abandoned the Kia Sorrento on Interstate 40, hopped the freeway retaining wall, and "ran towards a business complex where he was able to get a ride out of the area." PSR ¶ 15, at 6.

The next day, on July 3, 2015, APD located Folse at a Seven-Eleven store in Albuquerque. See PSR ¶ 17, at 6. When officers attempted to arrest Folse, he fled the scene in a stolen 1999 Ford F-150 truck.[4] See PSR ¶ 17, at 6. A vehicle pursuit again ensued, but "officers disengaged from the chase because Folse was putting the public at risk of being harmed." PSR ¶ 17, at 6. Later that day, Isleta Pueblo Police Department officers observed the Ford F-150 truck parked at the Isleta Casino outside Albuquerque. See PSR ¶ 17, at 6. After reviewing security tapes, officers confirmed that Folse was in the Casino. See PSR ¶ 17, at 6. When Folse exited Isleta Casino, officers arrested him without incident. See PSR ¶ 17, at 6. The keys to the stolen F-150 were in his pocket. See PSR ¶ 17, at 6.

MOO at 2-5, 301 F. Supp. 3d at 1043-46.

## PROCEDURAL BACKGROUND

On July 14, 2015, a [federal Grand Jury] indicted Folse for: (i) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count I); (ii) carjacking a silver Saturn, in violation of 18 U.S.C. § 2119 (Count II); and (iii) using, carrying, and brandishing a firearm in relation to and in furtherance of a crime of violence, i.e., carjacking the Saturn, in violation of

---

[4]The PSR, in its discussion of "Offense Behavior Not Part of Relevant Conduct," states that Folse stole the F-150 on July 1, 2015, while the vehicle's owner was inside a convenience store. PSR ¶ 52, at 10. The owner had left the keys in the ignition and the engine running. See PSR ¶ 52, at 10. The next day, on July 2, 2015, Folse was observed driving the F-150. See PSR ¶ 52, at 10.

18 U.S.C. § 924(c) (Count III).  <u>See</u> Indictment at 1-2, filed July 14, 2015 (Doc. 10)("Indictment").  On September 9, 2015, a [G]rand [J]ury returned a Superseding Indictment.  <u>See</u> Superseding Indictment 1, filed September 10, 2015 (Doc. 31)("Superseding Indictment").  The Superseding Indictment preserves the original Indictment's three counts and adds two new counts.  Count IV charges Folse with carjacking a 2008 Kia Sorrento, in violation of 18 U.S.C. § 2119, <u>see</u> Superseding Indictment ¶ 4, at 3, and Count V charges Folse with using, carrying, and brandishing a firearm in relation to and in furtherance of a crime of violence, <u>i.e.</u>, carjacking the Kia Sorrento, in violation of 18 U.S.C. § 924(c), <u>see</u> Superseding Indictment ¶ 5, at 3.  Plaintiff United States of America later dismissed Count V, because it obtained evidence that Folse did not use a firearm in the second alleged carjacking.  <u>See</u> United States' Unopposed Motion to Dismiss Count Five of the Superseding Indictment ¶¶ 5-9, at 3, filed October 1, 2015 (Doc. 83).

MOO at 5-7, 301 F. Supp. 3d at 1041-43.  On October 8, 2015, the Jury convicted Folse of the four remaining counts.  <u>See</u> Verdict at 1, filed October 8, 2015 (Doc. 105).

During the trial, after the United States rested its case, Folse moved for a directed verdict based on the insufficiency of the evidence on the four remaining counts, and Folse moved for a directed verdict on Count 3 on the ground that, following <u>Descamps v. United States</u>, 570 U.S. 254 (2013), and <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)("<u>Johnson</u>"), carjacking, as defined in 18 U.S.C. § 2119,[5] is not a crime of violence.  <u>See</u> Motion at 1 (citing Transcript of

---

[5]Section 2119 provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall --

    **(1)** be fined under this title or imprisoned not more than 15 years, or both,

    **(2)** if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or

Trial Proceedings at 560:16-562:16 (taken October 7, 2015), filed December 3, 2015 (Doc. 123)

(Villa)("Tr.").  Folse argued that the United States Court of Appeals for the Tenth Circuit cases

addressing whether carjacking is a crime of violence under § 924(c)(3),[6] which defines a "crime

of violence" for § 924(c) rely on § 924(c)(3)(B), but, according to Folse, § 924(c)(3)(B) resembles

the Armed Career Criminal Act's, 18 U.S.C. § 924(e) ("ACCA"), residual clause,

18 U.S.C. § 924(e)(2)(B)(ii), which defines a crime of violence as a crime that "otherwise involves

conduct that presents a serious potential risk of physical injury to another," Motion at 3 (quoting

18 U.S.C. § 924(e)(2)(B)(ii)), and which, in Johnson, the Supreme Court of the United States

deemed unconstitutionally vague.  See Oct. 7 Tr. at 564:13-21 (Villa).  Folse further contended

that, because an individual could commit a carjacking without violence, § 2119 was indivisible

---

2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

**(3)** if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

[6]Section § 924(c)(3) provides:

**(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and --

**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

under <u>Descamps v. United States</u> and could not form a predicate offense for § 924(c)(3)'s use-of-force prong -- § 924(c)(3)(A).  <u>See</u> Oct. 7 Tr. at 562:8-16 (Villa).

The Court questioned whether it could disregard what the Tenth Circuit had previously said about carjacking being a crime of violence.  <u>See</u> Oct. 7 Tr. at 562:17-563:1 (Court).  Folse replied that, although he had not recently researched caselaw on precedent, he understood that the Court could ignore Tenth Circuit precedent when a Supreme Court case directly overruled the Court of Appeal's case or a Supreme Court case could not be read to avoid overruling the Court of Appeal's case.  <u>See</u> Oct. 7 Tr. at 563:2-9 (Villa).  The Court opined that it could not read <u>Descamps v. United States</u> and <u>Johnson</u> to overrule the Tenth Circuit cases on carjacking.  <u>See</u> Oct. 7 Tr. at 563:10-12 (Court).  Folse responded that <u>Johnson</u> overruled previous decisions that relied on § 924(c)(3)(B) and that, under <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), the Court should not treat determining whether a crime is a crime of violence as a sentencing question.  <u>See</u> Oct. 7 Tr. at 563:13-564:24 (Villa).  According to Folse, under <u>Alleyne v. United States</u>, <u>Descamps v. United States</u>, and <u>Johnson</u>, without § 924(c)(3)(B), the Court could not conclude that carjacking is a crime of violence.  <u>See</u> Oct. 7 Tr. at 563:13-565:22 (Villa).

In response to Folse's legal arguments, the United States noted that courts "have consistently held that" carjacking involves "the use, attempted use, or threat of physical force" under 18 U.S.C. § 16(a) and that <u>Johnson</u> struck down 18 U.S.C. § 16(b).[7]  Oct 7 Tr. at 566:9-16

---

[7]Section 16 provides:

The term "crime of violence" means --

(Hurtado). In reply to Folse's arguments about the insufficiency of the evidence, the United States summarized its evidence for each count against Folse. <u>See</u> Oct. 7 Tr. at 566:17-570:24 (Hurtado). The Court denied the motion for a directed verdict on the grounds of insufficiency of the evidence, and the Court reserved the legal question as to carjacking being a crime of violence. <u>See</u> Oct 7 Tr. at 571:4-573:5 (Court).

The Court instructed the Jury that, to find Folse guilty of violating § 924(c)(3), the Jury must find: (i) that Folse committed a carjacking; (ii) that Folse brandished a firearm; and (iii) that Folse brandished the firearm "during and in relation to a carjacking." Court's Final Jury Instructions (Given), Jury Instruction No. 17, at 19, filed October 7, 2015 (Doc. 102)("Jury Instructions"). The Court instructed the Jury that carjacking is a crime of violence. <u>See</u> Jury Instructions, Jury Instruction No. 17, at 19. Regarding carjacking, the Court instructed the Jury that it must find that Folse took "the Saturn by means of force and violence, or intimidation." Jury Instructions, Jury Instruction No. 14, at 16. The Court defined intimidation as "the threatened use of physical force against a person." Jury Instructions, Jury Instruction No. 14, at 16.

1. **The Motion.**

On November 23, 2015, Folse filed the Motion, asking for a judgment of acquittal as to his Count 3 conviction for using, carrying, and brandishing a firearm in relation to and in furtherance

---

**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

of a crime of violence.  <u>See</u> Motion at 1.  Folse first argues that, in <u>Johnson</u>, the Supreme Court concluded that § 924(e)(2)(B)(ii) was unconstitutionally vague.  Motion at 3 (citing 18 U.S.C. § 924(e)(2)(B)(ii)).  According to Folse, § 924(c)(3)(B) resembles § 924(e)(2)(B)(ii), and is, thus, unconstitutionally vague.  <u>See</u> Motion at 3.  According to Folse, the sole relevant difference between § 924(c)(3)(B), which defines a crime of violence as that which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and § 924(e)(2)(B)(ii), is the "substantial risk" versus "serious potential risk" language.  Motion at 3 (internal quotation marks omitted)(quoting 18 U.S.C. § 924(c)(3)(B), (e)(2)(B)(ii)).  Folse contends that, after <u>Johnson</u>, courts have declared unconstitutional residual clauses similar to § 924(e)(2)(B)(ii), <u>see</u> Motion at 4 (citing <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1120 (9th Cir. 2015)), and that the Tenth Circuit has noted the similarities between the ACAA and 18 U.S.C. § 924(c)(3), <u>see</u> Motion at 5 (citing <u>United States v. Morgan</u>, 748 F.3d at 1035).  According to Folse, § 924(c)(3)(B)'s language, like § 924(e)(2)(B)(ii)'s language, requires courts to imagine degrees of risk and "is virtually impossible to interpret." Motion at 5-6.

Folse next contends that § 2119 "is an indivisible statute that exceeds the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(A)."  Motion at 6.  Folse admits that committing a carjacking through the first means for carjacking -- by force and violence -- constitutes a crime of violence, because the crime's element -- by force and violence -- meets the definition of "the use of force."  Motion at 6 (quoting 18 U.S.C. § 924(c)(3)(A)).  Folse focuses on the second means for committing a carjacking -- by intimidation -- and contends that this means must be examined categorically and that, because this means includes conduct beyond that which forms a crime of

violence, carjacking includes too broad an array of conduct to be a predicate for § 924(c)(3)(A). See Motion at 6. According to Folse, although the Tenth Circuit has considered whether carjacking is a crime of violence, in concluding that carjacking is a crime of violence, the Tenth Circuit relies indistinguishably on § 924(c)(3)(A)'s use-of-force provision and § 924(c)(3)(B)'s residual clause. See Motion at 6-7. For Folse, if the residual clause is unconstitutional, no carjackings by intimidation qualify as crimes of violence, because all intimidation need not involve force. See Motion at 7.

Third, Folse contends that, although the Court could look to the Jury Instructions to determine whether the Jury convicted Folse for a crime of violence, the Court did not instruct the Jury to determine whether Folse committed the carjacking by force and violence, or by intimidation, and, accordingly, the Court cannot look to the Jury Instructions to determine on which element the Jury convicted Folse. See Motion at 8-9. Folse notes that the Court instructed the Jury that intimidation means "the threatened use of force," but that, because the Jury cannot interpret the statute, this instruction did not transform the carjacking into a crime of violence. See Motion at 8.

Finally, Folse appends an argument to the Motion that he did not raise in his oral motion. See Motion at 9. Folse argues that the Court erred in instructing the Jury that carjacking was a crime of violence, because, under Alleyne v. United States, a jury must find beyond a reasonable doubt any element that increases a sentence. See Motion at 10. Folse avers that, because Count 3 increases Folse's mandatory sentence by seven years, the Court should have allowed the Jury to determine all elements in Count 3, which includes whether carjacking is a crime of violence. See Motion at 10.

2.        **The Response**.

The United States contends that carjacking always involves threatened physical force, and "by intimidation" should "be understood within the context of all the elements under 18 U.S.C. § 2119 read together," and so, according to the United States, the Tenth Circuit's decision in <u>Brown v. United States</u>, 200 F.3d 700 (10th Cir. 1999), that carjacking is a crime of violence, "remains valid." United States' Response to Brief in Support of Motion for Judgment of Acquittal at 1, filed December 2, 2015 (Doc. 119)("Response"). The United States notes that the Court need not determine whether § 924(c)(3)(B) is unconstitutional. <u>See</u> Response at 3. In a footnote, the United States indicates that § 924(c)(3)(B) resembles more closely 18 U.S.C. § 16(b), which the Supreme Court has held "does not require a court to measure the risk of harm," unlike the ACCA's residual clause, "but more simply whether the offense involves 'a risk of the use of physical force.'" Response at 3 (quoting <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 11 (2004)).

The United States focuses its argument on whether carjacking "by intimidation" is always a crime of violence. <u>See</u> Response at 4-5 (quoting 28 U.S.C. § 2119). The United States contends that courts have read "by intimidation" in the bank robbery statute, which criminalizes "taking money from a bank 'by force and violence, or by intimidation,'" Response at 4 (quoting 18 U.S.C. § 2113(a)), as meaning "to make fearful or put into fear," Response at 4 (internal quotation marks omitted)(quoting <u>United States v. McCarthy</u>, 36 F.3d 1349, 1357 (5th Cir. 1997)), and that the carjacking statute also requires an "intent to cause death or serious bodily harm," Response at 5 (quoting 18 U.S.C. § 2119). For the United States, this intent requirement suggests that carjacking is "more threatening and forceful" than bank robbery. Response at 5. The United States further avers that, in <u>Holloway v. United States</u>, 526 U.S. 1 (1999), the Supreme Court held

that carjacking's intent requirement is satisfied when the defendant "possessed the intent to seriously harm or kill the driver if necessary to steal the car."  Response at 6 (quoting Holloway v. United States, 526 U.S. at 3).  For the United States, accordingly, if a defendant took a vehicle through intimidation without the "threatened use of physical force," Response at 7 (quoting 18 U.S.C. § 924(c)(3)(A)), the defendant would not be acting "with the intent to cause death or serious bodily harm," Response at 7-8 (quoting 18 U.S.C. § 2119).  The United States noted that, in this case, Folse took the Saturn by evincing an intent to cause physical harm.  See Response at 8.

The United States also contends that Brown v. United States does not depend on § 924(c)(3)(B) and so the holding remains valid after Johnson.  See Response at 9-10.  The United States argues that in the Tenth Circuit's holding that "[t]he substantive offense of carjacking is always a crime of violence because § 2119 requires taking or attempting to take a vehicle by force and violence or by intimidation, and the crime of carjacking carries with it a substantial risk of the use of physical force," Brown v. United States, 200 F.3d at 706, the Tenth Circuit refers to § 924(c)(3)(A) in the first clause and § 924(c)(3)(B) in the second clause.  See Response at 10. The United States describes the phrase "the crime of carjacking carries with it a substantial risk of the use of physical force," Response at 6 (quoting Brown v. United States, 200 F.3d at 706), as "a separate and complete clause," Response at 6.

Finally, the United States argues that the Court did not abuse its discretion in instructing the Jury that carjacking is a crime of violence.  See Response at 10-11.  The United States argues that carjacking is always a crime of violence and that the Jury found that Folse committed the act of carjacking.  See Response at 11.  The United States contends that, even if the Court erred in

instructing the Jury that carjacking is a crime of violence, the Court did not commit a plain error, and the error was harmless, because "it did not affect defendant's substantial rights." Response at 11 (quoting Fed. R. Crim. P. 52(a)). According to the United States, the Jury concluded that Folse committed a carjacking, "which always is a crime of violence," and so "the jury essentially found defendant committed a crime of violence for Count 3." Response at 11. Further, the United States notes that no evidence suggests that the Court's instructions influenced the Jury's decision and Folse could have sought a limiting instruction if he opposed the instruction. See Response at 12.

3.    **The Hearing.**

The United States held a hearing on the Motion on December 16, 2015. See Clerk's Minutes, filed December 16, 2015 (Doc. 125). Folse began by summarizing the Motion's two bases for a judgment of acquittal -- that carjacking is not a crime of violence and that the Court should have instructed the Jury to determine whether carjacking is a crime of violence. See Draft Hearing of Transcript at 2:22-3:3 (taken December 16, 2015)(Villa)("Dec. 16 Tr.").[8]  The Court instructed Folse to take the arguments in two parts: (i) crimes of violence; and (ii) jury instructions. See Dec. 16 Tr. at 3:4-8 (Court). Folse explained that the first basis for a judgment of acquittal -- that carjacking is not a crime of violence -- involves two parts, and that, to find that carjacking is not a crime of violence, the Court would first have to deem § 924(c)(3)(B) unconstitutionally vague. See Dec. 16 Tr. at 3:9-21 (Villa). Folse summarized the Motion's arguments regarding § 924(c)(3)(B)'s unconstitutionality. See Dec. 16 Tr. at 3:21-5:2 (Villa). Folse concluded that

---

[8]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Courts of Appeals considering statutes with language resembling § 924(e)(2)(B)(ii) are finding the similar statutes unconstitutionally vague. See Dec. 16 Tr. at 5:2-5 (Villa).

Regarding the second part of the first argument, Folse explained that he focuses on the "intimidation" language and argued that intimidation "is not per se a use of force." Dec. 16 Tr. at 6:6-7 (Villa). In response to the United States' arguments in its Response, Folse contended that intimidation requires an overt act and that the intent element does not correspond to an overt, threatened use of force. See Dec. 16 Tr. at 6:15-7:2 (Villa). Folse cited Johnson v. United States, 559 U.S. 133 (2010), in which the Supreme Court concluded that a battery statute's offensive touching element was insufficient to satisfy a "threatened use of force or attempted use of force." Dec. 16 Tr. at 7:16-18 (Villa). According to Folse, like carjacking, the battery statute required "the intent to do some type of harm." Dec. 16 Tr. at 7:25 (Villa). Folse contended that the Supreme Court's reasoning in Johnson applies to carjacking. See Dec. 16 Tr. at 8:6-7 (Villa). Folse concluded by emphasizing that § 2119 is not divisible and, although the Court defined the word "intimidation" for the Jury, the Jury did not clarify on which basis -- force or violence, or intimidation -- it found that Folse had committed the carjacking. See Dec. 16 Tr. at 11:1-23 (Villa).

The Court asked what it should do with these arguments, and Folse replied that Courts of Appeals have deemed statutes resembling § 924(e)(2)(B)(ii) unconstitutionally vague. See Dec. 16 Tr. at 8:12-20 (Court, Villa). The Court pressed that the Tenth Circuit had previously stated that carjacking is a crime of violence, and the Court queried whether it should follow this precedent and wait for the Tenth Circuit to decide the issue. See Dec. 16 Tr. at 8:21-25 (Court). Folse replied that the Court could conclude that carjacking is not a crime of violence, but the Court suggested

that, if it reached such a conclusion, it would need to say that the Tenth Circuit's reasoning was wrong. See Dec. 16 Tr. at 9:1-10:2 (Villa, Court).

The United States contended that Johnson does not suggest that § 924(c)(3)(B) is unconstitutionally vague, because § 924(c)(3)(B) differs from § 924(e)(2)(B)(ii) and because the Supreme Court relied on § 924(e)(2)(B)(ii)'s context in reaching its holding in Johnson. See Dec. 16 Tr. at 12:2-22 (Hurtado). The United States argues that § 924(c)(3) does not list examples of violent crimes, like the ACCA, and that Supreme Court justices had previously expressed concern about the ACCA's list. See Dec. 16 Tr. at 13:2-13 (Hurtado). Further, the United States notes that § 924(e)(2)(B)(ii) requires courts to evaluate post-offense injuries, but that § 924(c)(3)(B) requires no post-offense analysis. See Dec. 16 Tr. at 13:14-24 (Hurtado). Regarding whether carjacking is a crime of violence, the United States contends that Brown v. United States controls and that intimidation with the intent to kill or seriously injure transforms carjacking into a crime of violence. See Dec. 16 Tr. at 13:25-15:15 (Hurtado).

The Court asked the United States to clarify how "on point" a Supreme Court decision must be to bind a district court. Dec. 16 Tr. at 15:22 (Court). See id. at 15:19-23 (Court). The United States replied that the Court should comply with the highest court that had spoken on a "particular issue." Dec. 16 Tr. at 16:2 (Hurtado). See id. at 15:24-16:5 (Hurtado). Folse interjected that the Court could view Johnson as "effectively overrul[ing] the Tenth Circuit law," because Johnson addressed § 924, the same statute at question in Folse's case, and because the language in § 924(c)(3)(B) and § 924(e)(2)(B)(ii) is similar. See Tr. at 16:10-17:18 (Villa).

Folse turned to the second basis for a judgment of acquittal in the Motion -- whether the Jury should have made the determination whether carjacking is a crime of violence. See Dec. 16

Tr. at 18:18-25 (Villa). Folse contended that the "jury's province [is] to decide each and every element of the case." Dec. 16 Tr. at 19:10-11 (Villa). Folse argued that, after <u>Alleyne v. United States</u>, in which the Supreme Court concluded that a jury should decide whether a defendant brandished, or carried and possessed, a firearm, because the decision changed the defendant's mandatory minimum, the Court should not view the crime-of-violence element as a sentencing issue and should have allowed the Jury to determine whether carjacking is a crime of violence. <u>See</u> Dec. 16 Tr. at 18:13-19:2 (Villa). Folse noted that the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit published the Tenth Circuit Criminal Pattern Jury Instructions (Feb. 2018), on which the Court relied, before the Supreme Court decided <u>Alleyne v. United States</u>. <u>See</u> Dec. 16 Tr. at 19:2-8 (Villa).

The Court questioned whether it should allow the jury to decide such a question as even courts struggle to answer the question. <u>See</u> Dec. 16 Tr. at 19:18-21 (Court). Folse replied that distinguishing brandishing, from carrying or possession, is likewise difficult and that courts could develop jury instructions to aid jurors in making decisions about crimes of violence. <u>See</u> Dec. 16 Tr. at 20:22-12 (Villa). According to Folse, an issue's difficulty should not determine whether the jury decides the question. <u>See</u> Dec. 16 Tr. at 20:12-18 (Villa).

The United States replied that, in <u>Alleyne v. United States</u>, the facts presented a question whether the defendant had brandished, or merely carried or possessed, a firearm, but that determining whether carjacking is a crime of violence is a legal question that does not require the decisionmaker to weigh the evidence. <u>See</u> Dec. 16 Tr. at 21:1-11 (Hurtado). The United States stated that determining whether carjacking is a crime of violence requires statutory interpretation, and instructing a jury on analyzing the statutory elements and on conducting a categorical analysis

would be a complicated task.  See Dec. 16 Tr. at 21:11-22 (Hurtado).  The United States indicated

that, in United States v. Westin, 960 F.2d 212 (1st Cir. 1992), the United States Court of Appeals

for the First Circuit rejected such an approach to the crime-of-violence determination; according

to the United States, the First Circuit upheld a district court which, in its role as legal

decisionmaker, determined whether an offense is a crime of violence.  See Dec. 16 Tr. at 22:2-11

(Hurtado).  On the first issue, the Court indicated its inclination not to find § 924(c)(3)(B)

unconstitutional, and, on the second issue, the Court indicated its inclination not to submit the

determination whether carjacking is a crime of violence to the Jury, because the question is a legal

question.  See Dec. 16 Tr. at 22:20-23:18 (Court).

## LAW REGARDING MOTIONS FOR JUDGMENT OF ACQUITTAL

Rule 29 of the Federal Rules of Criminal Procedure provides:

(a) Before Submission to the Jury.  After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  The court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

(b) Reserving Decision.  The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.  If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

(c) After Jury Verdict or Discharge.

(1) Time for a Motion.  A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) Ruling on the Motion.  If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.  If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) No Prior Motion Required.   A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Fed. R. Crim. P. 29.  In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court noted that the long-settled practice of allowing federal courts to enter judgments of acquittal when evidence is insufficient to sustain a conviction "only . . . highlight[s] the traditional understanding in our system that the application of the beyond-a-reasonable-doubt standard to the evidence is not irretrievably committed to jury discretion."  443 U.S at 317 n.10.  A judgment of acquittal thus enables a federal district court to protect a defendant's due process rights by removing from jury consideration a charge with respect to which no rational trier of fact could find guilt beyond a reasonable doubt.  See 443 U.S at 317-19.

In deciding a motion for judgment of acquittal, courts are not permitted to weigh the evidence or assess witness credibility, see Burks v. United States, 437 U.S. 1, 16-17 (1978), but instead must ask "only whether taking the evidence -- both direct and circumstantial, together with the reasonable inferences to be drawn therefrom -- in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt," United States v. Stiger, 413 F.3d 1185, 1193 (10th Cir. 2005)(quoting United States v. McKissick, 204 F.3d 1282, 1289 (10th Cir. 2000)).  Entry of a judgment of acquittal is thus "confined to cases where the prosecution's failure is clear."  Burks v. United States, 437 U.S. at 17.

Courts must rely "on the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented," United States v. Stiger, 413 F.3d at 1194

(internal quotations omitted)(quoting United States v. Radcliff, 331 F.3d 1153, 1157 (10th Cir. 2003), and must "accept the jury's resolution of the evidence as long as it is within the bounds of reason," United States v. Yoakam, 116 F.3d 1346, 1349 (10th Cir. 1997)(citations and internal quotations omitted). The district court's role is to determine merely whether the evidence, if believed, would establish each element of the crime. See United States v. Delgado-Uribe, 363 F.3d 1077, 1081 (10th Cir. 2004)(citations omitted). Moreover, "the evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." United States v. Wood, 207 F.3d 1222, 1228 (10th Cir. 2000)(internal quotations omitted)(quoting United States v. Wilson, 182 F.3d 737, 742 (10th Cir. 1999)). A court should not overturn a jury's finding unless no reasonable juror could have reached the disputed verdict, see United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997)(citations omitted); however, a court should not uphold a conviction "obtained by piling inference upon inference. An inference is reasonable only if the conclusion flows from logical and probabilistic reasoning," United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998)(citations and internal quotations omitted). The Tenth Circuit has stated:

> The rule that prohibits the stacking of inference upon inference merely indicates that at some point along a rational continuum, inferences may become so attenuated from underlying evidence as to cast doubt on the trier of fact's ultimate conclusion. In other words, the chance of error or speculation increases in proportion to the width of the gap between underlying fact and ultimate conclusion where the gap is bridged by a succession of inferences, each based upon the preceding one.

United States v. Summers, 414 F.3d 1287, 1294-95 (10th Cir. 2005)(internal quotations omitted). See United States v. Neha, No. CR 04-1677 JB, 2006 WL 1305034, at *2-3 (D.N.M. April 19, 2006)(Browning, J), aff'd, 301 F. App'x 811 (10th Cir. 2008)(unpublished). Hence, a court must examine the record to determine whether a guilty verdict rests on inferences reasonably drawn

from the evidence, rather than on "conjecture" or "speculation." United States v. Aponte, 619 F.3d 799, 804 (8th Cir. 2010). See United States v. Bowers, 811 F.3d 412, 424 (11th Cir. 2016)(stating that "reasonable inferences" rather than "mere speculation" must support a verdict based on circumstantial evidence); United States v. Long, 905 F.2d 1572, 1576 (D.C. Cir. 1990)(same).

## LAW REGARDING 18 U.S.C. § 924(c)

Section 924(c)(1)(A) of United States Code Title 18 provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a crime of violence:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
>
> > **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924. "Section 924(c) of Title 18 of the United States is intended to punish criminals who use firearms during and in relation to certain crimes." United States v. Romero, No. CR 09-

- 20 -

1253 JB, 2012 WL 6632493, at *21 (D.N.M. Dec. 6, 2012)(Browning, J.)(citing United States v. Barrett, 496 F.3d 1079, 1096 (10th Cir. 2007)).

"Although 18 U.S.C. § 924(c)(1) 'appears to be a penalty enhancement statute,' the Tenth Circuit has held that the section creates distinct offenses, and is not only an enhancement statute." United States v. Romero, 2012 WL 6632493, at *21 (citing United States v. Hill, 971 F.2d 1461, 1464 (10th Cir. 1992)). The Tenth Circuit explains:

> Section 924 is entitled "Penalties," and its remaining subsections set forth penalties for firearms offenses. Section 924(c)(1) provides that its penalty is "in addition to the punishment" provided by the underlying crime, and a conviction under § 924(c)(1) requires proof that the defendant committed the underlying crime of violence or drug trafficking crime. United States v. Munoz-Fabela, 896 F.2d 908, 910 (5th Cir.), cert. denied, 498 U.S. 824 . . . (1990); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989)(per curiam), cert. denied, 493 U.S. 1090 . . . (1990). See also H.R. Rep. No. 495, 99th Cong., 2d Sess. 10, reprinted in 1986 U.S.C.C.A.N. 1327, 1335 (construing earlier version of § 924(c) as requiring "proof of the defendant's commission of the [underlying] crime").

United States v. Hill, 971 F.2d at 1463-64. Although the Tenth Circuit noted that some Courts of Appeals have characterized 18 U.S.C. § 924(c) as an "enhancement statute," the Tenth Circuit nonetheless affirmed its earlier finding that 18 U.S.C. § 924(c) is intended to create a distinct offense and not an enhancement. United States v. Hill, 971 F.2d at 1464 (citing Busic v. United States, 446 U.S. 398, 405 (1980); Eckert v. Tansy, 936 F.2d 444, 449 (9th Cir. 1991); United States v. Henning, 906 F.2d 1392, 1399 (10th Cir. 1990)); United States v. Sherbondy, 865 F.2d 996, 1010 n.18 (9th Cir. 1988)). "We believe that our recent characterization . . . of § 924(c) as a 'distinct' offense rather than 'merely a sentencing enhancement provision' is a correct interpretation of the statute." United States v. Romero, 2012 WL 6632493, at *22 (internal quotation marks omitted)(quoting United States v. Hill, 971 F.2d at 1464).

"The Tenth Circuit found that the weight of authority supports ruling that 18 U.S.C. § 924(c) creates 'distinct offenses rather than being merely a sentencing enhancement provision.'" United States v. Romero, 2012 WL 6632493, at *22 (quoting United States v. Hill, 971 F.2d at 1464).

> Looking to the statute's language, the Tenth Circuit was persuaded by the "statutory language which provides that the underlying offense need only be one for which the defendant may be prosecuted in a court of the United States, and provides for a greater sentence for a second or subsequent conviction under this subsection."

United States v. Romero, 2012 WL 6632493, at *22 (quoting United States v. Hill, 971 F.2d at 1464). See United States v. Scott, 785 F. Supp. 2d 1065, 1066 (D.N.M. 2011)(Browning, J.)(discussing that, because 18 U.S.C. § 924(c) is a distinct offense, a defendant remains culpable for the underlying crime of violence during and in relation to which he used a firearm even if charges under 18 U.S.C. § 924(c) are dismissed).

## LAW REGARDING RESIDUAL CLAUSES

In Johnson, the Supreme Court considered whether § 924(e)(2)(B)(ii), the ACCA's residual clause, violates the Due Process Clause of the Constitution of the United States of America. See Johnson, 135 S. Ct. at 2557. In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years. See 18 U.S.C. § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(1)). The ACCA defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that --

(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B).  The Supreme Court held that § 924(e)(2)(B)(ii) "denies fair notice to defendants and invites arbitrary enforcement by judges."  <u>Johnson</u>, 135 S. Ct. at 2557.  Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  <u>Johnson</u>, 135 S. Ct. at 2563.  The Supreme Court clarified that its "decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or the use of explosives], or the remainder of the Act's definition of a violent felony."  <u>Johnson</u>, 135 S. Ct. at 2563.

In <u>United States v. Madrid</u>, 805 F.3d 1204, 1210 (10th Cir. 2015), the Tenth Circuit held that the Supreme Court's decision in <u>Johnson</u> applied to the residual clause definition of a "crime of violence" in the "career offender" provision of the United States Sentencing Guidelines, § 4B1.1.  U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2018)("U.S.S.G.")(defining a "crime of violence," in relevant part, as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another.").[9]  The Tenth Circuit stated that "[t]he concerns about judicial inconsistency that motivated the Court in <u>Johnson</u>, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague.  If one iteration of the clause is unconstitutionally vague, so too is the other."  <u>United States v. Madrid</u>, 805 F.3d at 1210.

---

[9]The § 4B1.2(a)(2) cited uses the same language that the Tenth Circuit considered in <u>United States v. Madrid</u>.  <u>See</u> <u>United States v. Madrid</u>, 805 F.3d at 1207.

Following <u>Johnson</u> and <u>United States v. Madrid</u>, the Court deemed § 924(c)(3)(B) sufficiently different from § 924(e)(2)(B)(ii)'s and U.S.S.G. § 4B1.2(a)(2)'s language to treat § 924(c)(3)(B) as constitutional. See <u>United States v. Francia</u>, No. CR 12-3025 JB, 2017 WL 2266852, at *3-5 (D.N.M. Feb. 28, 2017)(Browning, J.). The Court stated that "<u>Johnson</u>'s reasoning should not extend to § 924(c)(3)(B)'s residual clause." <u>United States v. Francia</u>, 2017 WL 2266852, at *3 (quoting <u>United States v. Taylor</u>, 814 F.3d 340, 376-77 (6th Cir. 2016)).

Nevertheless, since the Court's decision, the Supreme Court, in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), concluded that <u>Johnson</u> controls whether the language in 18 U.S.C. § 16(b) -- "substantial risk that physical force against the person or property of another may be used in the course of committing the offense" -- was unconstitutionally vague and, accordingly, declared unconstitutional 18 U.S.C. § 16(b). See <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 at 1213-16. Section 16 provides the federal criminal code's definition of crime of violence, which the Immigration and Nationality Act, 8 U.S.C. §§ 1186b, 1252b, 1254a, 1288, 1304, 1324c; 29 U.S.C. § 3293, incorporates, see <u>Sessions v. Dimaya</u>, 138 S. Ct. at 1211, and states:

> The term "crime of violence" means --
>
> > **(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > **(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In determining § 16(b)'s constitutionality in an immigration appeal, the Supreme Court reasoned that § 16(b) raises the same problems as § 924(e)(2)(B)(ii): (i) "§ 16(b) also calls for a court to identify a crime's 'ordinary case' in order to measure the crime's risk," <u>Sessions v.</u>

*Dimaya*, 138 S. Ct. at 1215; and (ii) "uncertainty about the level of risk that makes a crime 'violent.' In ACCA, that threshold was 'serious potential risk'; in § 16(b), it is 'substantial risk.'" Sessions v. Dimaya, 138 S. Ct. at 1215 (quoting 18 U.S.C. § 16(b), § 924(e)(2)(B)(ii)).

In *Sessions v. Dimaya*'s aftermath, § 16(b)'s similarities to § 924(c)(3)(B) persuaded the Tenth Circuit to deem § 924(c)(3)(B) likewise unconstitutionally vague. See United States v. Salas, 889 F.3d at 686. The Tenth Circuit noted that it had previously "held that 'cases interpreting [§ 16(b)] inform our analysis' when interpreting § 924(c)(3)(B)," United States v. Salas, 889 F.3d at 685 (alteration in original)(quoting United States v. Serafin, 562 F.3d 1105, 1108 & n.4 (10th Cir. 2009)), and concluded that "§ 924(c)(3)(B) possesses the same features as the ACCA's residual clause and § 16(b) that combine to produce 'more unpredictability and arbitrariness than the Due Process Clause tolerates,' and *Dimaya*'s reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B)," United States v. Salas, 889 F.3d at 686 (quoting Sessions v. Dimaya, 138 S. Ct. at 1215 at 1223). The Tenth Circuit rejected the United States' argument that, because § 924(c)(3)(B) applies only to crimes involving firearms, § 924(c)(3)(B) differs from § 16(b), because "this firearm requirement simply means that the statute will apply in fewer instances, not that it is any less vague." United States v. Salas, 889 F.3d at 685.

## LAW REGARDING CRIMES OF VIOLENCE

To determine whether an offense is a crime of violence, the Court employs a "categorical approach." United States v. Serafin, 562 F.3d at 1107 (quoting United States v. Munro, 394 F.3d 865, 870 (2005)).

> Under the categorical approach, we look "only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the

elements of the offense are of the type that would justify its inclusion . . . [as a crime of violence], without inquiring into the specific conduct of this particular offender."

United States v. Serafin, 562 F.3d at 1107-08 (alteration in original)(quoting United States v. West, 550 F.3d 952, 957 (10th Cir. 2008)).  "The modified categorical approach applies when the statute is 'divisible'; that is, when it 'lists multiple, alternative elements, and so effectively creates several different crimes.'"  United States v. Taylor, 843 F.3d 1215, 1220 (10th Cir. 2016)(quoting United States v. Madrid, 805 F.3d at 1207)).  When applying the modified categorical approach, a court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative [elements] formed the basis of the defendant's . . . conviction."  Descamps v. United States, 133 S. Ct. at 2281 (alterations added).  A court then "compare[s] those elements to the crime of violence categories, still focus[ing] only on the elements, rather than the facts, of a crime to determine whether it is categorically a crime of violence under all circumstances."  United States v. Mitchell, 653 F. App'x 639, 643 (10th Cir. 2016)(unpublished)(first alteration added)(citations and internal quotation marks omitted).

> The Supreme Court said that the proper use of the modified categorical approach "preserves the categorical approach's basic method: comparing those elements with the generic offense's.  All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates several different crimes."

United States v. Miera, No. CR 12-3111 JB, 2013 WL 6504297, at *6 (D.N.M. Nov. 22, 2013)(Browning, J.)(quoting Descamps v. United States, 133 S. Ct. at 2285).

### LAW REGARDING APPRENDI V. NEW JERSEY AND ALLEYNE V. UNITED STATES

In Apprendi v. New Jersey, 530 U.S. 466, (2000)("Apprendi"), the Supreme Court cautioned that the Sixth Amendment to the Constitution of the United States requires that, "[o]ther

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The Supreme Court, however, reaffirmed the principle that it is permissible for sentencing judges "to exercise discretion -- taking into consideration various factors relating both to offense and offender -- in imposing judgment within the range prescribed by statute." 530 U.S. at 481. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court elaborated on its holding in Apprendi, stating that the "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted)(internal quotation marks omitted). The Supreme Court has held that the requirements in Apprendi apply to facts that increase a defendant's mandatory minimum sentence. See Alleyne v. United States, 570 U.S. at 102.

## ANALYSIS

Pursuant to recent Tenth Circuit caselaw, the Court will deny the Motion. Section 924(c)(3)(B) is unconstitutionally vague under United States v. Salas. See 889 F.3d at 686. Carjacking is a crime of violence under United States v. Kundo. See 743 F. App'x at 203. Whether carjacking is a crime of violence is a question of law for the court. See United States v. Morgan, 748 F.3d at 1034.

First, the Tenth Circuit has concluded that § 924(c)(3)(B) is unconstitutionally vague. See United States v. Salas, 889 F.3d at 686. Folse argues that, after determining that § 924(c)(3)(B) is unconstitutionally vague, the Court should conclude that carjacking is not a crime of violence. See Dec. 16 Tr. at 6:6-7 (Villa). In a 2018 case, United States v. Kundo, however,

the Tenth Circuit concluded that "armed carjacking is a crime of violence under § 924(c)(3)(A)."

743 F. App'x at 203.[10]  The Tenth Circuit reasoned that, "in the context of federal bank robbery,

---

[10]The Court reached a similar conclusion in deciding that carjacking is a crime of violence under U.S.S.G. § 4B1.2.  See Memorandum Opinion and Order at 40, 301 F. Supp. 3d 1037, 1065 filed October 5, 2017 (Doc. 247)("MOO").  The Court reasoned:

> As the Court noted in Lloyd v. United States, [No. CIV 16-0513 JB/WPL, 2016 WL 5387665] (D.N.M. [Aug. 31, ]2016)(Browning, J.), "[t]he Courts of Appeals have uniformly ruled that federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or threatened use of physical force."  [2016 WL 5387665, at *5] (analyzing whether armed bank robbery is a crime of violence under 18 U.S.C. § 924(c)(3)).  The Court reasoned that, while "[a] taking 'by force and violence' entails the use of physical force, . . . a taking by intimidation involves the threat to use such force."  Lloyd v. United States, [2016 WL 5387665, at *6] (citing, e.g., United States v. Jones, 932 F.2d [624,] 625 [(7th Cir. 1991)])("Intimidation means the threat of force[.]").  Accordingly, the Court concluded that bank robbery "by force and violence" requires the use of physical force, while bank robbery "by intimidation" requires the threatened use of physical force.  [2016 WL 5387665, at *6].
>
> The bank robbery statute at issue in Lloyd v. United States contains the identical "by force and violence, or by intimidation" phrase at issue here.  Compare 18 U.S.C. § 2113(a), with id. § 2119.  The Court thus concludes that the federal carjacking statute categorically qualifies as a "crime of violence" under § 4B1.2's elements clause, because it necessarily requires the "use, attempted use, or threatened use of violent physical force."  U.S.S.G. § 4B1.2(a).  While carjacking "by force and violence" requires the use of physical force, carjacking "by intimidation" requires the threatened use of physical force.  Cf. United States v. Jones, 932 F.2d at 625 ("Intimidation means the threat of force[.]"); United States v. McGuire, [678 F. App'x 643, 645] (10th Cir. 2017)(noting that federal crimes involving takings "by intimidation" involve "the threat of physical force")(citing, e.g., Lloyd v. United States, [2016 WL 5387665, at *5]).  Moreover, as several United States Courts of Appeals have held, the physical force used or threatened in a carjacking necessarily is "violent."  United States v. Evans, 848 F.3d [242,] 247 [(4th Cir. 2017)](holding that "'intimidation' . . . in [the carjacking statute] means a threat of violent force"); In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016)(holding that "intimidation" in the carjacking statute necessarily means the threatened use of violent physical force).

See United States v. Folse, MOO at 38-40, 301 F. Supp. 3d 1037, 1064-65 (alterations to citations added).

18 U.S.C. § 2113," it had "held that 'intimidation involves the threatened use of physical force.'" United States v. Kundo, 743 F. App'x at 203 (quoting United States v. McCranie, 889 F.3d 677, 681 (10th Cir. 2018); and citing United States v. Smith, 730 F. App'x 710, 711, 2018 WL 3323637, at *1 (10th Cir. 2018)). "As both the bank robbery and carjacking statutes are worded similarly concerning intimidation, we hold that intimidation under the carjacking statute also requires the use of physical force." United States v. Kundo, 743 F. App'x at 203. The Tenth Circuit rejected as not "reasonably debatable" the defendant's, and Folse's, argument that, "because carjacking can be based on intimidation," carjacking is not a crime of violence. 743 F. App'x at 203.

Folse argues second that, under Alleyne v. United States, the Court should have submitted the question whether carjacking is a crime of violence to the Jury. See Dec. 16 Tr. at 18:13-19:2 (Villa). Alleyne v. United States does not, however, control whether a court should submit to the jury the determination whether carjacking is a crime of violence pursuant to § 924(c). Whether a crime fits § 924(c)'s definition of a "crime of violence" is a question of law. United States v. Morgan, 748 F.3d at 1034 (citing United States v. Munro, 394 F.3d at 870). "The answer requires examination of the legal elements of the crime, not an exploration of the underlying facts." United States v. Morgan, 748 F.3d at 1034 (citing Leocal v. Ashcroft, 543 U.S. at 7). Because whether a crime is a crime of violence is "a matter of law," a district court need not submit and should not submit the question to the jury. United States v. Morgan, 748 F.3d at 35 (citing Sparf v. United States, 156 U.S. 51, 64-65 (1895)). Accordingly, the Court will deny the Motion.

**IT IS ORDERED** that the requests in the Defendant's Brief in Support of Motion for Judgment of Acquittal, filed November 23, 2015 (Doc. 117)("Motion"), are denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
    United States Attorney
William J. Pflugrath
Samuel A. Hurtado
Paul Mysliwiec
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Ryan J. Villa
Law Office of Ryan J. Villa
Albuquerque, New Mexico

*Attorney for the Defendant*