IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN FOLSE,

    Petitioner,

vs.                                                                        No. CIV 22-0588 JB/JFR

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Proposed Findings and Recommended Disposition Regarding Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed March 16, 2023 (Doc. 20)("PFRD"); and (ii) the Objections to Proposed Findings and Recommended Dispositions [sic], filed April 18, 2023 (Doc. 21)("Objections"). In the PFRD, the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico: (i) recommends that the Court deny and dismiss with prejudice Petitioner Kevin Folse's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed September 15, 2022 (Doc. 4)("Motion to Vacate"); (ii) deny the "Motion for a Lawyer" to Appoint an Attorney, Motion for Counsel, filed February 13, 2023 (Doc. 18)("Counsel Motion"), as not well-taken; (iii) deny the requests in several of Folse's other filings, including his: (a) Letter from Kevin Folse to the Court (dated July 24, 2022), filed August 5, 2022 (Doc. 1)("Original Petition"), (b) Amended Petition, filed January 10, 2023 (Doc. 9)("First Amended Petition"), (c) "Motion" to Dissmiss [sic], filed January 11, 2023 (Doc. 10), (d) Amended Petition, filed

January 17, 2023 (Doc. 12)("Second Amended Petition"), (e) Amended Petition Response to Government, filed February 13, 2023 (Doc. 14)("Third Amended Petition"), (f) Amended Petition, filed February 13, 2023 (Doc. 15)("Fourth Amended Petition"), (g) Amended Petition (Response), filed February 13, 2023 (Doc. 16)("Fifth Amended Petition"), (h) Motion to Respond to Government, filed February 13, 2023 (Doc. 17), and (i) Declaratory Judgement [sic] 28 U.S.C. 2201 "Judgement [sic] by Default" "Summary Judgement" [sic], filed February 13, 2023 (Doc. 19)("Default Judgment Motion")(collectively the "Additional Filings"); and (iv) decline to issue a certificate of appealability ("COA"). See PFRD at 19-20. In the Objections, Petitioner Kevin Folse asks the Court to reject the PFRD. See Objections at 1-2. Having reviewed the PFRD, Objections, and applicable law, the Court: (i) adopts the PFRD; (ii) denies the Motion to Vacate; (iii) denies the Counsel Motion; (iv) denies as moot the requests in the Additional Filings; (v) declines to issue a COA; and (vi) overrules the Objections.

**PROCEDURAL BACKGROUND**

In October, 2016, a jury found Folse guilty of: (i) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (ii) two counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2; and (iii) one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). See Presentence Investigation Report ¶ 2, at 5, filed May 10, 2017 in United States v. Folse, No. CR 15-2485 JB (Doc. 220)("PSR"). At sentencing, the Court determined that Folse was a career offender who had committed an offense under 18 U.S.C. § 924(c), such that § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") applies to Folse's sentence. See PSR ¶ 97, at 23. Pursuant to § 4B1.1, Folse's applicable Guideline sentencing range was 360 months to life. See PSR ¶ 97, at 24; U.S.S.G. § 4B1.1(c)(3). The Court sentenced Folse to the Bureau of Prisons' custody for 360

months, the low end of his Guideline range.  See Judgment in a Criminal Case at 3, filed April 30, 2019 in No. CR 15-2485 JB (Doc. 276).

After Folse's sentence commenced, Folse filed his Original Petition.  See Original Petition at 1.  In the Original Petition, Folse asks the Court to reduce his sentence in accordance with United States v. Taylor, 142 S. Ct. 2015 (2022)("Taylor"), Crosby v. United States, 506 U.S. 255 (1993), and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5193 (2018).  See Original Petition at 1-2.  Although Folse submitted his Original Petition as a handwritten letter to the Court, see Original Petition at 1-6, he later filed the Motion to Vacate on September 15, 2022.  See Motion to Vacate at 1.  In the Motion to Vacate, Folse asserts that he is entitled to a sentence reduction under Taylor.  See Motion to Vacate at 4.  He adds that the Court erred in instructing the jury at trial, because the Court did not instruct the jury that it had to find beyond a reasonable doubt that Folse knew that his status as a felon precludes him from possessing a firearm.  See Motion to Vacate at 5.  He also asserts that he "need[s] a lawyer" and is "in need of help," because he is "uncertain [he is] doing the best that [he] can" and does not understand many questions on the § 2255 Motion form.  Motion to Vacate at 6.

In the following months, Folse filed several amended petitions, all of which are handwritten letters to the Court.  See First Amended Petition at 1; Second Amended Petition at 1; Third Amended Petition at 1; Fourth Amended Petition at 1; Fifth Amended Petition at 1.  In the Fifth Amended Petition, Folse asserts, among other things, that "carjacking cannot be concidered [sic] a crime of violence 'after' [Borden v. United States, 141 S. Ct. 1817 (2021)("Borden")] and Taylor vs U.S."  Fifth Amended Petition at 1 (no citation given for internal quotation).  Additionally, Folse rejects the United States' contention that Taylor does not apply to his case.   See Fifth Amended Petition at 10.  Folse also rejects the Court's conclusion that -- based on Folse's offense

of conviction and criminal history -- Folse is a career offender, because, according to Folse, Folse is "not a drug dealer and . . . definitely not the dangerous person [he has] been made out to look like." Fifth Amended Petition at 13.

On March 16, 2023, Magistrate Judge Robbenhaar filed the PFRD. See PFRD at 1. In the PFRD, Magistrate Judge Robbenhaar recommends that the Court deny the Motion and deny a COA. See PFRD at 2. Additionally, Magistrate Judge Robbenhaar gives the parties fourteen days to object to the PFRD. See PFRD at 20.

On April 18. 2023, Folse filed his Objections to the PFRD. See Objections at 1. In the Objections, Folse raises three primary objections to the PFRD. See Objections at 1-2. First, Folse states:

> [T]he courts failed to mention that (I) Kevin Folse, clearly, stated that carjacking is no longer a violent offense 'after' Borden 593 v.s. U.S.A. 'and' Taylor 596 vs. U.S.A. The courts failed to mention that Borden 593 v.s. U.S.A. was also filed with Taylor this will give Folse relief in his 2255.

Objections at 1. Second, Folse asserts that "a motion was filed to appoint Folse a lawyer. I filed (2) motions explaining that I did not ever want to represent myself as pro-se, I am confused, only a (fool) will represent himself pro-se, I want representation!" Objections at 2. Finally, Folse requests "a C.O.A. (certificate of appealability)," because he does not have an attorney. Objections at 2. He elaborates:

> I want a lawyer I[']m no lawyer I do not know the law I want a fair chance to representation, new law was filed 'Taylor' 596 & U.S. vs 'Borden' 593. I do not know the law I do not know how to represent my case I need help!!! I need a lawyer to help me explain my case, I do not know how to explain my case law . . . .

Objections at 2.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."); 28 U.S.C. § 636(b)(1)(B). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to a Magistrate Judge's recommended disposition: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). See 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("2121 East 30th Street")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals

for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." 2121 East 30th Street, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." 2121 East 30th Street, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" 2121 East 30th Street, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." 2121 East 30th Street, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In 2121 East 30th Street, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See 2121 East 30th Street, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana, United States v. Folse, 854 F. App'x 276 (10th Cir. 2021), Goings v. Sumner Cnty. Dist. Atty's Off., 571 F. App'x 634 (10th Cir. 2014), United States v. Baker, 586 F. App'x 458, (10th Cir. 2014), and United States v. Jacquez 412 F. App'x 151 (10th Cir. 2011), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" 2121 East 30th Street, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard."). In 2121 East 30th Street, the Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit held that it would deem the issues waived on appeal, because

waiver would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to a magistrate judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on a magistrate judge's PFRD. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (no citation given for quotation)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla. but not in 28 U.S.C. § 636(b)(1))). "'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir.

1991)(quoting United States v. Raddatz, 447 U.S. at 676).

Where no party objects to a magistrate judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), the Court conducted a review even where the plaintiff failed to respond to the magistrate judge's PFRD, even though the Court determined that the plaintiff waived his opportunity for the Court to review the PFRD. See 2012 WL 6846401, at *3. The Court generally does not review, however, a magistrate judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]³ contrary to law, or an abuse of discretion." Workheiser v. City

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation is "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of "contrary to law." Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521, at *7 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Finding that a magistrate judge's recommendation is contrary to law would require the Court to analyze the magistrate judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the PFRD. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of a magistrate judges' PFRD. Going forward, therefore, the Court will review, as it has done for some time now, the magistrate judge's recommendations to which

of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to a magistrate judge's work when there are no objections, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting a magistrate judge's PFRD.

## ANALYSIS

The Court: (i) overrules the Objections; and (ii) adopts the PFRD. The Court begins by explaining its decision to overrule Folse's Objections to the PFRD. Second, having disposed of Folse's Objections, the Court adopts the PFRD.

### I. THE COURT OVERRULES FOLSE'S OBJECTIONS TO THE PFRD.

Objections to the PFRD were due no later than March 30, 2023, and Magistrate Judge Robbenhaar permitted three additional days for mailing. See PFRD at 20. Folse filed the Objections, however, on April 18, 2023. See Objections at 1. The United States has not objected to the PFRD nor has it responded to Folse's Objections. That the parties have not made timely and specific objections to the PFRD waives the Court's de novo review, and appellate review of both factual and legal questions.[4] See 2121 East 30th Street, 73 F.3d at 1059-60. Folse's

---

there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

[4]The firm waiver rule applies to pro se litigants in § 2255 litigation who "'were informed of the time period for objecting and the consequences of failing to object.'" United States v. Jacquez, 412 F. App'x at 153 n.2 (quoting Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006)).

Objections are both untimely and non-specific.  See Objection at 1-2.  Both shortcomings waive de novo review, and Folse has not demonstrated that the firm waiver rule does not apply.  See One Parcel, 73 F.3d at 1060.  Nevertheless, the Court addresses the Objections below.

### A.     FOLSE IS NOT ENTITLED TO RELIEF UNDER BORDEN OR TAYLOR.

First, Folse objects that "carjacking is no longer a violent offense" after the United States Supreme Court's decision in Borden, 141 S. Ct. at 1817, and Taylor, 142 S. Ct. at 2015.[5]

---

Magistrate Judge Robbenhaar provided the time-period for objections to the PFRD and the consequences for failing to object in the PFRD.  See PFRD at 20.  Folse's Objections were postmarked on April 14, 2023, over two weeks after objections were due and well after the three additional days permitted for mailing, so on this basis, the firm waiver rule applies.  See Objections at 3.  The rule does not apply, however, if "the interests of justice require review."  Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008).  To determine if this exception applies, a court must consider the petitioner's "effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised."  Duffield v. Jackson, 545 F.3d at 1238.

Here, Folse does not justify his Objections' untimeliness, and he does not request an extension.  As to the second consideration, the issues raised in his objections were given consideration by Magistrate Judge Robbenhaar in the PFRD.  Folse merely identifies the issues in his Objections, without further elaboration.  The Court may also suspend the firm waiver rule if Folse "makes the onerous showing required to demonstrate plain error."  Wardell v. Duncan, 470 F.3d at 958.  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1122-23 (10th Cir. 2005).  "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]."  Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co., 840 F.3d 1167, 1172 (10th Cir. 2016).  Folse makes no such showing.  In sum, the Court has no basis upon which to depart from the firm waiver rule, and conducts its review of Magistrate Judge Robbenhaar's PFRD under the standard it employs generally.

[5]Folse raises a similar argument in his Fifth Amended Petition.  See Fifth Amended Petition at 1 ("[C]arjacking cannot be concidered [sic] a crime of violence after Borden vs U.S. and Taylor vs US").  Although Folse invokes both Borden and Taylor in his Fifth Amended Petition and his Objections, Magistrate Judge Robenhaar only addresses Folse's Taylor argument in the PFRD.  See PFRD at 4-6, 17-18 (addressing Folse's Taylor argument, but not his Borden argument).  As the Court explains in greater detail below, the Court adopts the PFRD, including Magistrate Judge Robenhaar's Taylor analysis.  The Court, in its sound discretion, supplements that analysis by addressing Folse's Borden argument as well.  See Andrews v. Deland, 943 F.2d at 1170.

Objections at 1.  The Court finds Folse's contention unpersuasive.  Both <u>Borden</u> and <u>Taylor</u> are inapposite to this case and, therefore, have no bearing on Folse's entitlement to § 2255 relief.

18 U.S.C. § 924(c) establishes:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i)   be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).  Similarly, 18 U.S.C. § 924(e) establishes that a defendant who is convicted of being a prohibited person in possession of a firearm under 18 U.S.C. 922(g), and who has three prior convictions for "a violent felony or a serious drug offense," is subject to a fifteen-year mandatory minimum sentence.  18 U.S.C.§ 924(e).  In <u>Borden</u>, the Supreme Court holds that a "violent felony" for § 924's purposes is a crime that involves "the active employment of force against another person," with a mens rea more significant than recklessness.  141 S. Ct. at 1834. In <u>Taylor</u>, the Supreme Court concludes that attempted robbery does not amount to a "crime of violence" for § 924(c)'s purposes, because attempted robbery does not require the United States to show that the defendant used, attempted to use, or threatened to use force.  142 S. Ct. at 2020.

<u>Borden</u> is beside the point here.  <u>Borden</u> concerns the meaning of "violent felony" for § 924(e)'s purposes.  141 S. Ct. at 1834; 18 U.S.C. § 924(e).  As the Court explains in greater

detail above, however, the PSR enhances Folse's sentence pursuant to 18 U.S.C. § 924(c) and U.S.S.G. § 4B1.1(c)(3), because Folse is a career offender, and the offense at issue is a crime of violence. See PSR ¶ 97, at 23. The PSR does not enhance Folse's sentence pursuant to § 924(e). See PSR ¶¶ 24-53, at 7-10 (calculating the applicable offense level, but not making any adjustments under § 924(e)). Accordingly, a citation to a § 924(e) "violent felony" case like Borden is misplaced in this § 924(c) "crime of violence" case.

Taylor is similarly inapposite. Taylor concerns attempted robbery. See 142 S. Ct. at 2020; PFRD at 4-6 (summarizing Taylor and applying it to this case). The Supreme Court in Taylor concludes that attempted robbery is not a "crime of violence" for § 924(c)'s purposes. 142 S. Ct. at 2020. As Magistrate Judge Robbenhaar explains in the PFRD, "[u]nlike the attempted crime that was the focus of the Supreme Court's attention in *Taylor*, in the present case [Folse] stands convicted of a completed carjacking." PFRD at 6. Because this case involves a completed offense, and not an attempted offense, "the *Taylor* decision offers no support for [Folse]'s attack on his sentence." PFRD at 6.

In any event, Folse's arguments in this vein are misplaced, because the Court properly sentenced Folse. U.S.S.G. § 4B1.1(c)(3) applies to career offenders convicted under § 924(c) or § 929(a). A "career offender" is a defendant who is over the age of eighteen who is being sentenced in connection with "a crime of violence or a controlled substance offense," and has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

>   (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). A "controlled substance offense" is:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Here, Folse is over the age of eighteen. See PSR at 4. The Court sentenced Folse after a jury found Folse guilty on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); two counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2; and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). See PSR ¶ 2, at 5. Carjacking under 18 U.S.C. § 2119 is a crime of violence. See United States v. Brown, 200 F.3d 700, 706 (10th Cir. 1999)("The substantive offense of carjacking is always a crime of violence because § 2119 requires taking or attempting to take a vehicle by force and violence or by intimidation, and the crime of carjacking carries with it a substantial risk of the use of physical force.").[6] Finally, Folse has an extensive criminal history, see PSR ¶¶ 54-74, at 11-19, which includes one prior conviction for possession of marijuana with intent to distribute

---

[6] The Court acknowledges that the Tenth Circuit decided United States v. Brown before the Supreme Court decided Borden. Folse contends that "carjacking is no longer a violent offense" after Borden. Objections at 1. The Courts determines, however, that Borden does not change or otherwise cast doubt on the Tenth Circuit's decision in United States v. Brown or similar cases. Borden establishes that a crime of violence requires a mens rea element greater than recklessness. See 141 S. Ct. at 1834. Carjacking under § 2119 requires "intent to cause death or serious bodily harm," a mens rea more significant than mere recklessness. 18 U.S.C. § 2119. For that reason, carjacking under § 2119 is a crime of violence, even after Borden. See 141 S. Ct. at 1834.

and aggravated battery, see PSR ¶ 19, at 8. Possession of marijuana with intent to distribute is a controlled substance offense. See United States v. Folse, 854 F. App'x 276, 295 (10th Cir. 2021) (determining in Folse's underlying criminal appeal that "Folse's conviction for possession of marijuana with intent to distribute constitutes a 'controlled substance' offense" (quoting U.S.S.G. § 4B1.2(b))). Aggravated battery is also a crime of violence. See United States v. Folse, 854 F. App'x at 294 (determining in Folse's underlying criminal appeal that "Folse's conviction under New Mexico[']s aggravated-battery statute . . . constituted a 'crime of violence'" (quoting U.S.S.G. § 4B1.2(b))). Because Folse was over eighteen, had one prior conviction for a controlled substance offense and one prior conviction for a crime of violence, and was sentenced in connection with an additional crime of violence, the Court properly enhanced Folse's sentence. See U.S.S.G. § 4B1.1(c)(3).

### B. FOLSE IS NOT ENTITLED TO COUNSEL.

In his second objection, Folse echoes his earlier requests for counsel. See Objections at 2. In the PFRD, Magistrate Judge Robbenhaar determines that Folse's request for counsel is not well-taken. See PFRD at 20. Folse does not have a constitutional right to counsel beyond the appeal of his convictions. See Swazo v. Wyo. Dep't of Corr., 23 F.3d 332, 333 (10th Cir. 1994). In § 2255 actions, there exists a right to counsel if the court concludes that an evidentiary hearing is required. Swazo v. Wyo. Dep't of Corr., 23 F.3d at 333. Likewise, a district court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006(a)(2)(B), but need not appoint counsel "when the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable," United States v. Baker, 586 F. App'x 458, 460 (10th Cir. 2014). Here, Magistrate Judge Robbenhaar determines "that an evidentiary hearing is not warranted," because the pleadings and the record "conclusively show that Folse is not entitled to

relief." PFRD at 1-2. See Johnson v. Avery, 393 U.S. 483, 487 (1969)("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."). Folse does not object to this determination. While Folse asserts that the assistance of counsel would aid him in presenting his claims, it is evident from the PFRD that Magistrate Judge Robbenhaar was able to discern Folse's arguments as articulated, including a review of recent developments in caselaw that Folse claimed entitled him to relief. See Johnson v. Avery, 393 U.S. at 488 ("It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief."). See, e.g., Baker, 586 F. App'x at 460 (upholding the denial of appointment of counsel in a § 2255 case where the petitioner sufficiently articulated his claims, cited cases, and explained the issues he sought to pursue). The Court understands that issues bearing on offenses categorized as crimes of violence may be complex, but Folse has cited the caselaw he wishes the Court to review and has presented related argument. Again, in the PFRD, Magistrate Judge Robbenhaar addresses Folse's arguments and the cases on which Folse relies and determines that they lack merit. See PFRD at 4-20. For these reasons, the Court determines that Folse is not entitled to counsel.

        **C.     FOLSE IS NOT ENTITLED TO A COA**.

Finally, Folse's third objection relates to Magistrate Judge Robbenhaar's recommendation that the Court decline to issue a COA. See Objection at 2. Folse's argument in support of a COA appears to be premised on his request for counsel. See Objections at 2. The Court may issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Folse does not take issue with Magistrate Judge's Robbenhaar's

analysis of his ineffective-assistance-of-trial-counsel claim.  See PFRD at 10-14.  To the extent that the Court can read Folse's Objections to state that Folse has been denied counsel in the instant proceeding, that argument is similarly meritless.  As the Court has already explained, "there is no right to counsel in collateral proceedings."  United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006).  Accordingly, the Court will not issue a COA.

## II.    THE COURT ADOPTS THE PFRD.

Having overruled Folse's Objections, the Court adopts the PFRD.  The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition Regarding Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed March 16, 2023 (Doc. 20), is adopted; (ii) the Objections to Proposed Findings and Recommended Dispositions [sic], filed April 18, 2023 (Doc. 21), is overruled; (iii) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed September 15, 2022 (Doc. 4), is denied; (iv) the "Motion for a Lawyer" to Appoint an Attorney, Motion for Counsel, filed February 13, 2023 (Doc. 18), is denied; (v) the Letter from Kevin Folse to Judge Browning (dated July 24, 2022)(Doc. 1), is denied; (vi) the Amended Petition, filed January 10, 2023 (Doc. 9), is denied; (vii) the "Motion to Dissmiss" [sic], filed January 11, 2023 (Doc. 10), is denied; (viii) the (Amended Petition), filed January 17, 2023 (Doc. 12), is denied; (ix) the (Amended Petition) Response to Government, filed February 13, 2023 (Doc. 14), is denied; (x) the "Amended Petition," filed February 13, 2023 (Doc. 15), is denied; (xi) the "Amended Petition" (Response), filed February 13, 2023 (Doc. 16),

- 19 -

is denied; (xii) the Motion to Respond to Government, filed February 13, 2023 (Doc. 17), is denied; (xiii) the "Declaratory Judgement" [sic] 28 U.S.C. 2201 "Judgement [sic] by Default" "Summary Judgement" [sic], filed February 13, 2023 (Doc. 19), is denied; (xiv) the Court will not issue a certificate of appealability; and (xv) the Court will enter Final Judgment separately.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Kevin Folse
Coleman, Florida

    *Petitioner pro se*

Alexander M. M. Uballez
  United States Attorney
Anderson Hatfield
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*